UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HELLMANN WORLDWIDE LOGISTICS, INC., | |
| Plaintiff, | C09-738Z |
| v. | MINUTE ORDER |
| BRUCE HARRIS, PHILIP MCINERNY, HALLIE ENGEL, AND PACNOR TRANSPORTATION, LLC, | |
| Defendants. | |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) The Court GRANTS IN PART and DEFERS IN PART Defendant Bruce Harris' Motion to Dismiss Plaintiff's RICO and State Law Claims[1], docket no 12, as follows:

>  (a) The Court GRANTS the motion in part and DISMISSES without prejudice Plaintiff's RICO (Count One) and state law fraud (Count Four) claims for failure to plead these claims with the requisite particularity. The Court grants Plaintiff leave to amend the Complaint within thirty (30) days of the entry of this Order. In claims of fraud, the plaintiff must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This particularity requirement applies to RICO claims predicated on fraud. See Moore v. Kayport Package Express, Inc., 885 F.2d 531, 541 (9th

---

[1] Defendant Bruce Harris moved to dismiss, docket no. 12. Defendants Hallie Engel and Pacnor Transportation, LLC filed a Notice of Joinder, docket no. 13. The Court *sua sponte* JOINS Defendant Philip McInerny in the present motion. This Order applies to all Plaintiff's claims against all Defendants.

MINUTE ORDER - 1

Cir. 1989). In addition to stating the time, place, and content of an alleged misrepresentation, the plaintiff must "set forth what is false or misleading about a statement and why it is false." In re GlenFed, Inc. Securities Litigation, 42 F.3d 1541, 1547-48 (9th Cir. 1994). Plaintiff's Complaint does not allege the RICO predicate acts of mail and wire fraud or the state law fraud claim with sufficient particularity to meet the requirements of Rule 9(b). The Complaint describes only a general time frame and does not provide any specific dates on which any of the activity occurred. It also lacks sufficient identifying details about the allegedly fraudulent invoices and emails. Moreover, the information about these transactions is not peculiarly within the knowledge of Defendants, and Plaintiff cannot, therefore, base the allegations of fraud "upon information and belief." See Moore 885 F.2d at 540. When ruling on a motion to dismiss, the Court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1030-31 (9th Cir. 2008). Accordingly, the Court has not considered Exhibits 1-3 attached to Plaintiff's Opposition to the Motion to Dismiss.

(b)   The Court DEFERS a ruling on whether to exercise supplemental jurisdiction over Plaintiff's remaining state law claims (Counts Two and Three).

(2)   The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Filed and entered this 10th day of September, 2009.

BRUCE RIFKIN, Clerk

By ____s/ Claudia Hawney____
     Claudia Hawney
     Deputy Clerk

MINUTE ORDER - 2