Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HELLMANN WORLDWIDE LOGISTICS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BRUCE HARRIS, PHILIP MCINERNY, HALLIE ANGEL, AND PACNOR TRANSPORTATION, LLC, <br><br> Defendants. | Case No. C09 – 0738 TSZ <br><br> DEFENDANT BRUCE HARRIS' SECOND MOTION TO DISMISS PLAINTIFF'S RICO AND STATE LAW CLAIMS <br><br> NOTE ON MOTION CALENDAR: Friday, October 30, 2009 |

## I.   INTRODUCTION

On September 10, 2009, the Court dismissed Hellmann Worldwide Logistics, Inc.'s ("Hellmann") RICO and state law fraud claims because of Hellmann's "failure to plead these claims with the requisite particularity."[1] As the Court noted:

> In addition to stating the time, place, and content of an alleged misrepresentation, the plaintiff must "set forth what is false or misleading about a statement and why it is false." *In re GlenFed, Inc. Securities Litigation*, 42 F.3d 1541, 1547-48 (9th Cir. 1994). Plaintiff's Complaint does not allege the RICO predicate acts of mail and wire fraud or the state law fraud claim with sufficient particularity to meet the requirements of Rule 9(b).[2]

---

[1] Minute Order dated September 10, 2009 at p. 1 (Docket No. 19) ("Order").
[2] *Id.* at p. 2.

DEFENDANT BRUCE HARRIS' SECOND
MOTION TO DISMISS PLAINTIFF'S RICO AND
STATE LAW CLAIMS -1

CORNERSTONE LAW GROUP, PLLC
7525 PIONEER WAY, SUITE 101
GIG HARBOR, WASHINGTON 98335
TEL: (253) 858-6100   FAX: (206) 260-2994

The Court granted leave to amend the Complaint, and Hellmann filed an Amended Complaint on September 25, 2009. But Hellmann's Amended Complaint is still deficient, adding nothing more than allegations identifying the alleged fraudulent transactions, which is insufficient to satisfy the specificity requirements of Rule 9(b). Hellmann's RICO and state law fraud claims should be dismissed. The Court should also decline to exercise supplemental jurisdiction over Hellmann's remaining state law claims pursuant to 28 U.S.C.A. § 1367 (c).

## II.   FACTS

The Court is familiar with the facts of this case from defendant Bruce Harris' ("Harris") previous Motion to Dismiss and related pleadings. The factual recitations in those pleadings are hereby incorporated by reference. The following brief summary is provided merely to frame the issues for the Court's convenience.

Hellmann's claims are based on an alleged scheme hatched by defendants Harris, Philip McInerny ("McInerny"), and Hallie Engel ("Engel") to spirit funds away from Hellmann. Specifically, Hellmann alleges that Harris, McInerny, and Engel formed Pacnor Transportation, LLC ("Pacnor") to submit invoices to Hellmann charging Hellmann for services that Pacnor never performed.

In its original Complaint, Hellmann alleged that the defendants "sent, via U.S. Mail, invoices to Hellmann in the name of Pacnor, charging Hellmann for its services that Pacnor never performed, for an inflated amount even if these services were performed, and with the intent to defraud Hellmann of the amounts charged."[3] And according to Hellmann, Harris approved Pacnor as a vendor knowing that McInerny would approve the allegedly fraudulent invoices, that McInerny in fact approved the invoices and mailed Pacnor checks for payment of those invoices, and that Engel received those checks as payment for the allegedly fraudulent invoices she sent.[4] Hellmann further alleged that Harris on more than one occasion "sent emails to Hellmann's offices in Costa Rica in furtherance of

---

[3] Complaint at 2, ¶¶9, 10.
[4] Id. at ¶¶11-13.

DEFENDANT BRUCE HARRIS' SECOND
MOTION TO DISMISS PLAINTIFF'S RICO AND
STATE LAW CLAIMS -2

CORNERSTONE LAW GROUP, PLLC
7525 PIONEER WAY, SUITE 101
GIG HARBOR, WASHINGTON 98335
TEL: (253) 858-6100   FAX: (206) 260-2994

the Enterprise's scheme to defraud Hellmann as described above, and with the intent to defraud Hellmann of the amounts charged."[5]

With respect to its state law fraud claims, Hellmann alleged simply that Harris "made several false representations of material fact to Hellmann (that services were performed by Pacnor and that Pacnor was owed the amount it charged for its services), knowing that those representations were false at the time made, and with the intent to induce Hellmann to remit monies to Pacnor in reliance on those false representations, as described above."[6]

Hellmann amended its RICO claims primarily by adding new paragraphs 9.1-9.20, 10.1-10.10, and 11.1-11.12 to "Count I: RICO 18. U.S.C. §1964(c)." Hellmann amended its state law fraud claim in new paragraphs 27-30. The additional allegations and their insufficiency to cure the defects in Hellmann's original Complaint are discussed below.

### III.   ARGUMENT

**A.   The Amended Complaint Does Not Save Hellmann's RICO Claims Because it Still Fails to Comply with Rule 9(b)'s Requirement to Set Forth With Particularity Those Circumstances Which *Constitute* Fraud.**

As the Court stated in its September 10 Order:

> In claims of fraud the plaintiff must "state with particularity <u>the circumstances constituting fraud</u> or mistake." Fed R. Civ. P. 9(b). This particularity requirement applies to RICO claims predicated on fraud. *See Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 541 (9th Cir. 1989).[7]

In *In re GlenFed, Inc. Securities Litigation,* 42 F.3d 1541 (9th Cir. 1994), the Ninth Circuit held that this requires that:

> [A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and <u>why</u> it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading.

*Id.* at 1547 (emphasis added).

---

[5] *Id.* at ¶14.
[6] *Id.* at ¶23.
[7] Order at p. 1 (emphasis added).

DEFENDANT BRUCE HARRIS' SECOND
MOTION TO DISMISS PLAINTIFF'S RICO AND
STATE LAW CLAIMS -3

CORNERSTONE LAW GROUP, PLLC
7525 PIONEER WAY, SUITE 101
GIG HARBOR, WASHINGTON 98335
TEL: (253) 858-6100   FAX: (206) 260-2994

"Neutral facts" involve the "time, place, and content of an alleged misrepresentation." *Id.* at 1547-48. These neutral facts "may identify the statement or the omission complained of, but these circumstances do not 'constitute' fraud." *Id.* As the Court held in its September 10 Order:

> In addition to stating the time, place, and content of an alleged misrepresentation, a plaintiff must "set forth what is false or misleading about a statement, and why it is false." *In re GlenFed, Inc. Securities Litigation*, 42 F.3d 1541, 1547-48 (9th Cir. 1994).[8]

Because a plaintiff "must set forth what is false or misleading about [the] statement," *Fecht v. Price Co.*, 70 F.3d 1078, 1082 (9th Cir. 1995) (quoting *GlenFed*, 42 F.3d at 1548), he must "set forth, as part of the circumstances constituting fraud, <u>an explanation as to why</u> the disputed statement was untrue or misleading when made." *GlenFed*, 42 F.3d at 1549 (emphasis added).

The core of Hellmann's RICO claims, even as amended, continue to rest on one basic allegation: that the defendants submitted invoices charging Hellmann for services that were never performed. Hellmann's new allegations in support of its RICO claims still lack the requisite specificity required under Rule 9(b). Hellmann amended its Complaint to describe certain invoices (*see* paragraphs 9.1-9.20), emails (*see* paragraphs 10.1-10.10), and checks it cut to pay the foregoing invoices (*see* paragraphs 11.1-11.12).[9] In other words, it amended its Complaint to include allegations sufficient to identify the transactions it claims were fraudulent. But it failed to include any additional allegations of specific facts explaining <u>why</u> these transactions were fraudulent. Rather, it simply alleges that the invoices, emails, and checks, relate to services "that were never performed." For example, Hellmann alleges in paragraph 9.1 of its Amended Complaint:

> On or about June 19, 2008, in or near Kent, Washington, the Enterprise mailed Pacnor invoice No. 4590-11 to Hellmann's Tukwila office, charging Hellmann $8000 for trucking, crating and offloading services, as stated in that invoice.[10] This invoice is fraudulent because Pacnor never performed these services, because McInerny, Engel and Pacnor knew Pacnor never performed these services at the time they mailed Hellmann

---

[8] *Id.* at p. 2.
[9] Hellmann further attached the invoices, emails and checks as exhibits to the Amended Complaint.
[10] Interestingly, nowhere on the referenced invoice does it state "trucking, crating, and offloading services" were performed.

DEFENDANT BRUCE HARRIS' SECOND
MOTION TO DISMISS PLAINTIFF'S RICO AND
STATE LAW CLAIMS -4

CORNERSTONE LAW GROUP, PLLC
7525 PIONEER WAY, SUITE 101
GIG HARBOR, WASHINGTON 98335
TEL: (253) 858-6100  FAX: (206) 260-2994

this invoice, and because Harris, McInerny, Engel and Pacnor mailed this invoice to Hellmann with the specific intent to defraud Hellmann of the amounts charged. A true and correct copy of this invoice is attached hereto, marked as Exhibit 1[11]

Paragraphs 9.2 through 9.20 reference different invoices, but are substantially identical to paragraph 9.1.[12] Although Hellmann's new allegations are indeed sufficient to identify the invoices it claims were fraudulent, its conclusory allegations that the invoices were fraudulent simply because the work reflected on the invoices "was never performed" are insufficient to satisfy the specificity requirements of Rule 9(b). As the Ninth Circuit held in *Moore v. Kayport Package Express,* 885 F.2d 531 (9th Cir. 1989), "mere conclusory allegations of fraud are insufficient." *Id.* at 540. Hellmann must "set forth what is false or misleading about a statement, and <u>why</u> it is false." *GlenFed,* 42 F.3d at 1548 (emphasis added). In other words, Hellmann must "set forth, as part of the circumstances constituting fraud, an explanation as to why the disputed statement was untrue or misleading when made." *Id.* at 1549.

Although Hellmann may have set forth what is allegedly false about the invoices (*i.e.,* the work reflected therein was never performed), it has failed to explain <u>why</u> this was false when the invoices were submitted. The Ninth Circuit has indicated that the falsity requirement of Rule 9(b) can be satisfied "by pointing to inconsistent contemporaneous statements or information (such as internal reports) which were made by or available to defendants." *Id.* But Hellmann fails to point to any such information. In fact, it points to no information whatsoever in support of its allegation. Its conclusory allegations that the invoices reflect services the defendants "never performed" literally stand alone, which is fatal to its RICO claims.

*Yourish v. California Amplifier,* 191 F.3d 983 (9th Cir. 1999), is instructive. That case involved allegedly false statements made by corporate insiders to manipulate and inflate corporate stock prices. The Court carefully analyzed whether the plaintiffs alleged specific facts explaining

---

[11] First Amended Complaint, ¶9.1.
[12] Paragraphs 10.1 – 10.10 and paragraphs 11.1 – 11.12 specifically reference certain emails and checks respectively, but are otherwise also substantively identical to paragraphs 9.1 – 9.20.

DEFENDANT BRUCE HARRIS' SECOND
MOTION TO DISMISS PLAINTIFF'S RICO AND
STATE LAW CLAIMS -5

CORNERSTONE LAW GROUP, PLLC
7525 PIONEER WAY, SUITE 101
GIG HARBOR, WASHINGTON 98335
TEL: (253) 858-6100   FAX: (206) 260-2994

why the allegedly false statements were false when made, or if their allegations were merely conclusory and insufficient to meet the requirements of Rule 9(b). The plaintiffs attempted to show the falsity of the statements at issue by alleging the existence of confidential, non-public information that was evidently available to the defendants. *Id.* at 994. However, the Court noted that the plaintiffs provided no details about this alleged information, "other than the substance of the 'true facts' revealed by the information." *Id.* The Court concluded that this was fatal to the plaintiffs' fraud claims. The Court explained:

> By relying upon the existence of alleged "confidential non-public information," without any other details about the existence of the information, Plaintiffs merely identify certain statements that they claim were misrepresentations, without providing particularized facts about the circumstances constituting the fraud. If such unsupported general claims were sufficient to satisfy Rule 9(b)'s particularity requirements, plaintiffs could eliminate the falsity requirement entirely because they could merely identify a given statement by the defendant and then simply allege that the substance of the statement was contradicted by contemporaneous information contained in internal reports. Thus any statement could be alleged to have been false at the time made. Such a standard would clearly be inconsistent with our requirement that "circumstances indicating falseness be set forth."

*Id.* at 994-95 (quoting *GlenFed*, 42 F.3d at 1548).

Hellmann does not even rely on the existence of "confidential non-public information" in support of its allegation that services reflected in the invoices at issue were never performed. It simply claims that the work was never performed, without providing a single particularized fact supporting this allegation. Hellmann likewise fails to allege a single fact supporting its claim that the defendants knew the work was never performed when the invoices were submitted. Like the *Yourish* plaintiffs, Hellmann merely identifies certain transactions (*i.e.*, invoices) and claims they were fraudulent without alleging a single particularized fact about the circumstances constituting the alleged fraud (*i.e.*, why the invoices at issue reflect work that was never performed). It is just this type of unsupported general claim that, if held to satisfy Rule 9(b)'s particularity requirements, would eviscerate the Ninth Circuit's requirement that "circumstances indicating falseness be set forth." *Id.* at 995 (citing *GlenFed*, 42 F.3d at 1548). Quite literally, any invoice could be alleged to have been

DEFENDANT BRUCE HARRIS' SECOND
MOTION TO DISMISS PLAINTIFF'S RICO AND
STATE LAW CLAIMS -6

CORNERSTONE LAW GROUP, PLLC
7525 PIONEER WAY, SUITE 101
GIG HARBOR, WASHINGTON 98335
TEL: (253) 858-6100   FAX: (206) 260-2994

fraudulent when issued. This result is clearly inconsistent with the particularity requirements of Rule 9(b).

Important policy considerations also underlie the particularity requirements of Rule 9(b). Rule 9(b) prevents the filing of complaints as pretext for discovery of unknown wrongs and protects the reputations of potential defendants from the damage resulting from being accused of fraudulent acts. *Semegen v. Weidner,* 780 F.2d 727, 731 (9th Cir. 1986). The rule is further designed to "prohibit a plaintiff from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." *Id.*

Hellmann's Amended Complaint, like the original Complaint before it, is devoid of any particular allegations regarding the circumstances of the alleged fraudulent transactions. It is nothing more than a fishing expedition, which Rule 9(b) is designed to prevent. These claims should be dismissed.

**B.    The Amended Complaint Fails to Save Hellmann's State Law Fraud Claims.**

Hellmann supports the state law fraud claims alleged in its Amended Complaint with the same allegations it offers in support of its RICO claims. For the reasons discussed above, these allegations fail to meet the particularity requirements of Rule 9(b). Hellmann's state law fraud claims should be dismissed.

**C.    If the Court Dismisses Hellmann's RICO Claims It Should Decline to Exercise Supplemental Jurisdiction over Hellmann's State Law Claims.**

The decision whether to continue to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed lies within the district court's discretion. *Foster v. Wilson,* 504 F.3d 1046, 1051 (9th Cir. 2007); 28 U.S.C. § 1367(c)(3).

> It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims. . . . Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

DEFENDANT BRUCE HARRIS' SECOND
MOTION TO DISMISS PLAINTIFF'S RICO AND
STATE LAW CLAIMS -7

CORNERSTONE LAW GROUP, PLLC
7525 PIONEER WAY, SUITE 101
GIG HARBOR, WASHINGTON 98335
TEL: (253) 858-6100   FAX: (206) 260-2994

*United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed.2d 218 (1966) (footnote omitted); *accord Imagineering, Inc. v. Kiewit Pacific Co.*, 976 F.2d 1303, 1309 (9th Cir. 1992); *Ernst v. Roberts, Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004); *Flowers v. Fiore*, 359 F.3d 24, 30 (1st Cir. 2004); *Ling Nan Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 79 n.18 (2d Cir. 2003); *Brandenburg v. Hous. Auth. of Irvine*, 253 F.3d 891, 900 (6th Cir. 2001). Accordingly, the Ninth Circuit does not hesitate to refrain from exercising supplemental jurisdiction over state law claims when it dismisses federal RICO claims. *See, e.g., Ove v. Gwin* 264 F.3d 817, 826 (9th Cir. 2001).

In the interests of judicial economy and fairness to the parties, and to further the principles of comity with state courts, the Court should refrain to exercise its supplemental jurisdiction over Hellmann's remaining state law claims if it dismisses Hellmann's RICO claims.

## IV.   CONCLUSION

For the reasons stated herein, the Court should dismiss Hellmann's RICO and state law fraud claims against defendant Bruce Harris with prejudice and decline to exercise its supplemental jurisdiction over Hellmann's remaining state law claims.

DATED this 2nd day of October, 2009.

CORNERSTONE LAW GROUP, PLLC


By      /s/ Michael M.K. Hemphill
        Michael M.K. Hemphill, WSBA #27340
        Attorneys for Defendant Bruce Harris

DEFENDANT BRUCE HARRIS' SECOND
MOTION TO DISMISS PLAINTIFF'S RICO AND
STATE LAW CLAIMS -8

CORNERSTONE LAW GROUP, PLLC
7525 PIONEER WAY, SUITE 101
GIG HARBOR, WASHINGTON 98335
TEL: (253) 858-6100   FAX: (206) 260-2994

Certificate of Service

I certify that on the date noticed below I electronically filed this document entitled DEFENDANT BRUCE HARRIS' SECOND MOTION TO DISMISS PLAINTIFF'S RICO AND STATE LAW CLAIMS with the Clerk of the Court using the CM/EMF system which will send notification of such filing to the following persons:

William D. De Voe
wdevoe@hwb-law.com

Olaf Aprans
oaprans@hwb-law.com

Randall T. Thomsen
randallt@dhlt.com

DATED this 2nd day of October, 2009, at Seattle, Washington.

    /s/ Michael M.K. Hemphill
    Michael M.K. Hemphill

DEFENDANT BRUCE HARRIS' SECOND MOTION TO DISMISS PLAINTIFF'S RICO AND STATE LAW CLAIMS -9

CORNERSTONE LAW GROUP, PLLC
7525 PIONEER WAY, SUITE 101
GIG HARBOR, WASHINGTON 98335
TEL: (253) 858-6100   FAX: (206) 260-2994